1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **Tamikka Jones,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **SharkNinja Operating LLC,** | **:** | **Civil Action No. _____** |
| | **:** | |
| **Defendant.** | **:** | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW**, Plaintiff, **Tamikka Jones**, by and through her counsel, Joseph J. Longobardi, III., and claims damages of the Defendant, upon a cause of action whereof the following is a statement:

1.      Plaintiff, **Tamikka Jones**, is an adult individual, resident and citizen of the City of Wilmington, State of Delaware, residing at 569 Homestead Road, 2nd Floor, Wilmington, Delaware 19805, and Plaintiff, **Tamikka Jones**, was caused to sustain serious, painful and permanent injuries as a result of the negligence and other liability producing conduct of each of the Defendant.

2.      Defendant, **SharkNinja Operating LLC,** (hereinafter also referred to as product Defendant and/or Defendant(s)) is a Massachusetts partnership, corporation or other similar entity regularly doing business in the City of Philadelphia, Commonwealth of Pennsylvania, and at all times herein material Defendant did own, and/or possess, and/or control, and/or maintain, and/or operate a certain retail business and/or manufacturing business and/or product design business, and it is further averred that Defendant did cause and allow a dangerous condition to exist in the product it sold, designed, placed in the stream of commerce, and/or manufactured, namely a pressure cooker to be used with other component parts (collectively referred to as the SharkNinja Pressure Cooker) and it is further believed and therefore averred that Defendant was charged with the responsibility to manufacture, design, control and inspect the SharkNinja Pressure Cooker, and at all times herein material Defendant had a duty to design and

manufacture and inspect and perform proper testing on the product prior to selling it and placing it in the stream of commerce.

3.        Defendant, **SharkNinja Operating LLC** is a Massachusetts Limited Liability Corporation incorporated in the State of Delaware and has a principal place of business located at 89 A St. # 100, Needham, MA 02494. SharkNinja has a registered service address Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4.        At all times herein material, Plaintiff purchased and/or was given and/or won the product in a raffle and/or otherwise came into possession of the product as a consumer.

5.        At all times herein material, each of the Defendant were either acting individually and/or on each other's behalf and/or by and through their/its/his/her duly authorized agents, servants, workmen, bailees and/or employees all of whom were acting in the course and scope of their/his/its employment and in the furtherance of each of the Defendant' businesses and affairs.

6.         It is believed and therefore averred that Defendant, **SharkNinja Operating LLC**, manufactured and/or supplied and/or designed the pressure cooker that is the subject of this action, and at all times herein material, supplied with said pressure cookers to be sold to the public.

7.        On or about September 13, 2020, and for a long time prior thereto, there did exist, and Defendant were aware of a hazardous condition with the product wherein the lid of the SharkNinja Pressure Cooker and/or pressure cooker, would blow off and/or move and/or dislodge and/or pour scalding food and/or water onto consumers, posing burn hazards (hereinbefore and hereinafter collectively also referred to as dangerous condition) which was left unattended by the Defendant, notwithstanding notice and inspection of this dangerous condition by its employees, which condition presented an unreasonable risk of harm, a snare, trap and danger to consumers and/or individuals such as Plaintiff, **Tamikka Jones.**

8.        On or about September 13, 2020, Plaintiff was using the SharkNinja Pressure Cooker and/or pressure cooker when its lid suddenly released, causing scalding material to burst from inside the pressure cooker and onto Plaintiff.

9.      At all times herein material, the cooker started to heat and pressurize even though the lid was not secured to the cooker body which created a dangerous condition where the cooker can heat and pressurize the material contents without a lid securely in place and it is believed and therefore averred that Defendant was aware of these problems with the product prior to the incident.

10.      At all times herein material, it is averred that the Defendant's product is defectively designed and manufactured in that the cooker's lid alignment symbols blend into the lid and cooker body making them easily overlooked by users and/or prone to improper assembly.

11.      At all times herein material, the product was defectively designed and manufactured since it was capable of heating and pressurizing its contents even when the lid is not secured to the pressure cooker's body.

12.      It is averred that the defective design and manufacture of the SharkNinja Pressure Cooker and/or pressure cooker was responsible for its lid and/or contents suddenly bursting out of the pressure cooker and scalding Plaintiff.

13.      Plaintiff avers that the aforesaid defect or otherwise dangerous condition was apparent, open and visible to the Defendant, and existed for a sufficient length of time prior to the aforesaid occurrence for the Defendant to have had actual and constructive knowledge thereof.

14.      Defendant had a duty to maintain, repair, remove, inspect and/or otherwise correct the aforementioned dangerous condition but had failed to properly do so in spite of the fact that Defendant had actual and constructive notice of the dangerous condition in sufficient time prior to the incident in question in order to have corrected and/or removed the dangerous condition.

15.      At all times herein material, the product Defendant, **SharkNinja Operating LLC**, did manufacture for and/or sell and/or design and/or supply the SharkNinja Pressure Cooker and/or pressure cooker that was in such a defective and hazardous condition that it posed and caused a burn hazard to the ultimate consumers and/or users such as Plaintiff.

4

16.     It is believed and therefore averred that the Defendant, **SharkNinja Operating LLC** caused its/their respective product(s) to be sold to the public and did place it/them into the stream of commerce.

17.     Prior to September 13, 2020, Plaintiff, **Tamikka Jones**, visited a BJ's Wholesale Club location and was given and/or won in a raffle and/or purchased and/or otherwise came in possession of a certain SharkNinja Pressure Cooker and/or the subject product.

18.     On or about September 13th, 2020, following **Tamikka Jones's** receipt of the SharkNinja Pressure Cooker and/or pressure cooker, she used said Pressure Cooker to cook dinner at her house located at 569 Homestead Road, 2nd Floor, Wilmington, DE, 19805**.**

19.     On or about September 13th, 2020, as Plaintiff, **Tamikka Jones**, was in her house in Delaware, she began to use and/or check on said pressure cooker, at which place and time the lid of said SharkNinja Pressure Cooker and/or pressure cooker moved and/or dislodged and/or came off spilling and releasing its burning hot contents, which caused the hot material and/or lid and/or scalding food and/or water that had been contained inside of the SharkNinja Pressure Cooker to come into contact with the Plaintiff.

20.     At the aforesaid time, Plaintiff was using the SharkNinja Pressure Cooker and/or pressure cooker in the reasonable and foreseeable manner contemplated by the product Defendant, when the lid of the SharkNinja Pressure Cooker and/or pressure cooker did come off causing the lid and/or scalding food and/or scalding hot water and/or scalding contents to contact and/or cover Plaintiff's body.

21.     As Plaintiff was checking on the pressure cooker, the burning hot lid and/or food and/or water fell on her because the SharkNinja Pressure Cooker and/or lid was/were caused to come loose and separate in a way that was unanticipated by a reasonable end user, such as Plaintiff.

22.     At all times herein material, the said SharkNinja Pressure Cooker and/or pressure cooker and/or lid was not secure and dangerously susceptible to coming off and/or spilling and/or dislodging and/or otherwise being unintentionally moved about.

23.     As a result of the negligent and defective design of the SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or the other component parts, Plaintiff was caused to be scaled, burned and mutilated as a result of using the aforesaid products on the day in question when the SharkNinja Pressure Cooker did spill and/or release its contents and/or other burning hot materials onto the Plaintiff.

24.     At all times herein material, the pressure cooker and/or SharkNinja Pressure Cooker and/or lid in question was unsafe and hazardous and presented a burn hazard to consumers and users, and this hazard existed for an unreasonably long period of time prior to the incident, and it is further averred that all of the Defendant were aware of the irregularity, defect, and/or other problem that existed with the SharkNinja Pressure Cooker and/or pressure cooker but failed to take the necessary action to remove it/them from the market, notify all potential users of the product, and/or remove it from the aforementioned premises.

25.     Plaintiff, **Tamikka Jones,** avers that the Defendant knew or in the exercise of reasonable care should have known of the dangerous condition of the SharkNinja Pressure Cooker and/or pressure cooker and that the Defendant had a duty to inspect, design, manufacture, test, supply, maintain, and/or otherwise correct, remove and recall the product from the market but had failed to properly do so.

26.     At all times herein material, the SharkNinja Pressure Cooker and/or pressure cooker, including the component parts were being used in a normal, usual, foreseeable and reasonable manner.

27.     The aforesaid incident was caused solely by the carelessness and negligence of the Defendant and the defective design of Defendant's products, and was in no manner whatsoever due to any act or failure to act on the part of the Plaintiff, and Plaintiff, **Tamikka Jones,** was caused to be injured due to the recklessness, carelessness, and negligence of the Defendant.

28.     Prior to the instant lawsuit, Defendant was sued for similar issues with the pressure cooker it sold and/or manufactured, putting Defendant on notice of people getting severely burned by reason of its defective design.

6

29.     Despite knowing that the lid would suddenly and unexpectedly blow off, Defendant continued to sell and/or distribute its product to ultimate consumers such as Plaintiff, causing major burns and injuries.

30.     Defendant actively concealed the fact that users were getting severely burned by its pressure cooker.

31.     Defendant continued to falsely market that its product was safe putting thousands of consumers at immediate risk of serious and substantial burn injuries.

32.     Despite Defendant having knowledge that people were getting severely burned by its product, Defendant made no attempt to warn ultimate users such as Plaintiff.

33.     It is believed and therefore averred that Defendant, **SharkNinja Operating LLC**, sells its products worldwide, and its products are sold in retail stores.

34.     As a sole result of the aforementioned incident caused by the negligence and carelessness and recklessness of the Defendant, Plaintiff, **Tamikka Jones**, has sustained serious, painful and permanent injuries, internally and externally, to her head, neck, back, breast, chest, shoulders, arms, elbows, wrists, hands, fingers, legs, hips, knees, feet and body, and the bones, cartilages, ligaments, muscles, nerves, tendons, discs, blood vessels and soft tissues attached thereto were burned, scarred, herniated, wrenched, bruised and/or otherwise injured, and Plaintiff, **Tamikka Jones**, sustained multiple other injuries, including but not limited; first degree burns, second degree burns, burns to the abdomen, burns to the legs, burns to the genitals, burns to the chest, burns to the breast(s), scalded skin and muscle; she suffered other serious orthopedic and neurological injuries, any and/or all of which may have been aggravations of previous conditions, the full extent of which have not as yet been ascertained; she has suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

35.     As a result of this incident, Plaintiff, **Tamikka Jones**, has been and continues to be obliged to receive medical attention, medical care, physical therapy and medical treatment and care and to expend various sums of money and incur diverse medical expenses and/or surgical charges and other medical,

diagnostic and hospital expenses for the severe injuries which she has suffered and she will and/or may be obliged to continue to make medical, hospital and/or surgical expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

36.     As a further result of the incident aforesaid, Plaintiff, **Tamikka Jones**, has, may and will probably in the future continue to suffer great pain and extreme agony, mental anguish, physical pain, humiliation and she has been, and probably will in the future be hindered and prevented from attending to her usual daily duties, labors, occupations and household chores, thereby resulting in a loss, depreciation and diminution of her earnings and earning capacity, all to her great and continuing detriment and loss and Plaintiff has incurred severe and permanent scars on her legs, thighs, and abdomen, and hospital bills for the medical treatment she received.

37.     As a direct and sole result of this incident, Plaintiff, **Tamikka Jones**, has required various hospital, physicians and medical treatment and care and consequently she has incurred hospital, physicians, surgical and medical bills and expenses in and about an effort to cure himself of the aforesaid injuries, and she shall hereinafter incur other financial expenses, medical bills, diagnostic charges, surgical bills, hospital bills and/or other losses which do or may exceed amounts which she may otherwise be entitled to recover, as well as further non-economic losses, including pain and suffering, she has suffered a cosmetic disfigurement and/or a scar and also loss of services and other items of damages including a loss of earnings and/or a loss of earning capacity, all of which are recoverable.

38.     As a further result of the instant occurrence, Plaintiff, **Tamikka Jones**, has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is, may, or shall be permanent, irreparable and severe.

**WHEREFORE**, Plaintiff, **Tamikka Jones,** claims damages of the Defendant, for an amount in excess of Fifty Thousand Dollars ($50,000.00).

**NEGLIGENCE AND RECKLESSNESS OF PRODUCT DEFENDANT**

8

39.     Plaintiff incorporates herein by reference thereto the preceding Paragraphs inclusive, as fully as though the same were hereinafter set forth at length.

40.     At all times pertinent hereto, and in the regular course of their business, product Defendant **SharkNinja Operating LLC** sold, distributed, manufactured, tested, inspected, supplied and/or otherwise offered for sale to the public, the subject SharkNinja Pressure Cooker and/or pressure cooker which product(s) is/are the subject of this cause of action.

41.     Plaintiff avers that the recklessness, carelessness, and negligence of the Product Defendant consisted of the following:

a)     failing to properly notify all potential users of the product of its dangerous condition;

b)     permitting the existence of the defective and/or hazardous condition of the SharkNinja Pressure Cooker and/or pressure cooker and/or lid to remain which constituted a dangerous condition with the product;

c)     failing to provide instructions for which other component parts were safe to use with the lid**;**

d)     failing to properly and adequately remove the subject hazardous condition from the product and/or otherwise remedy the dangerous condition;

e)     failing to provide proper testing of the SharkNinja Pressure Cooker and/or pressure cooker and/or lid;

f)     failing to properly and adequately correct the hazardous, dangerous and unsafe condition of the SharkNinja Pressure Cooker;

g)     being otherwise negligent under the circumstances;

h)     selling the SharkNinja Pressure Cooker and/or pressure cooker and/or lid in a defective, improper, inadequate and/or insufficient manner;

i)     failing to warn or otherwise notify the Plaintiff, and others similarly situated of the dangers inherent in using the product(s);

j)     failing to construct a pressure cooker and/or SharkNinja Pressure Cooker and/or lid wherein the lid would not dislodge and cause scalding hot water and/or food to be released and/or strike users such as Plaintiff;

9

k)      constructing a pressure cooker that places and/or builds excessive pressure allowing the lid to be released;

l)      failing to provide proper instructions with the product(s);

m)      failing to replace the SharkNinja Pressure Cooker and/or pressure cooker and/or lid with ones that would be more suitable under the circumstances;

n)      failing to use heavier material when manufacturing the SharkNinja Pressure Cooker and/or pressure cooker and/or lids;

o)      failing to use stronger, heavier and/or better quality component parts;

p)      failing to provide adequate instructions on how to close the lid and/or put food and/or water in the SharkNinja Pressure Cooker and/or pressure cooker;

q)      failing to recommend an appropriate weight which would be safe for a SharkNinja Pressure Cooker and/or pressure cooker to hold;

r)      failing to have adequate instructions on the proper height and/or temperature to use the pressure cooker at;

s)      failing to realize that the SharkNinja Pressure Cooker would eventually collapse and/or fall and/or slide and/or spill scalding food and/or water given its condition and/or makeup;

t)      allowing Plaintiff to use the SharkNinja Pressure Cooker when Defendant had or should have had prior knowledge of its dangerous and defective condition;

u)      failing to employ properly trained and/or qualified employees in the manufacture, installation, inspection, assembly, testing sale and/or distribution of the said product;

v)      failing to correct the hazardous condition which existed;

w)      failing to budget more money to the purchase and/or design and/or testing and/or inspection of the SharkNinja Pressure Cooker and/or pressure cooker and/or lid;

x)      failing to perform ergonomic tests on the SharkNinja Pressure Cooker and/or pressure cooker and/or lid;

y)      failing to realize and/or warn people using the SharkNinja Pressure Cooker and/or pressure cooker and/or lid that it could spill scalding food and/or water and/or material onto their bodies;

z)      failing to warn buyers and/or people using the SharkNinja Pressure Cooker after realizing that the SharkNinja Pressure Cooker were defective and/or presented a dangerous condition;

10

aa)     failing to recommend a suitable SharkNinja Pressure Cooker and/or pressure cooker and/or lid;

bb)     failing to take proper precautions to avoid SharkNinja Pressure Cooker collapsing and/or sliding and spilling scalding food and/or water onto users;

cc)     failing to enforce and follow proper quality control;

dd)     failing to use due care;

ee)     failing to recommend an appropriate lid to be used with the SharkNinja Pressure Cooker and/or pressure cooker and/or lid;

ff)     failing to warn that the SharkNinja Pressure Cooker and/or pressure cooker and/or lid was susceptible to move when filled with certain foods and/or liquids;

gg)     failing to include with the SharkNinja Pressure Cooker and/or pressure cooker and/or lid proper warnings regarding the significant dangers and risks of use thereof;

hh)     permitting the existence of the unsafe conditions of the SharkNinja Pressure Cooker and all related components;

ii)     failing to properly repair the problem which was causing the SharkNinja Pressure Cooker and/or pressure cooker and/or lid to slide and/or collapse and/or otherwise move unintentionally;

jj)     disregarding the rights, safety and position of the Plaintiff herein and others similarly situated;

kk)     failing to correct or otherwise remedy the aforesaid dangerous/hazardous condition which existed with the SharkNinja Pressure Cooker after being put on notice of same;

ll)     failing to properly and adequately inspect and/or test the said SharkNinja Pressure Cooker and all related hardware to ascertain the source of the dangerous and hazardous condition which existed;

mm)     failure to remove and/or recall the SharkNinja Pressure Cooker from the market when they knew or should have known of the defective design, manufacturing, marketing, testing, labeling, distributing and/or selling of the SharkNinja Pressure Cooker and/or lid;

nn)     failing to provide adequate warning labels;

oo)     failing to use ordinary care in designing, manufacturing, marketing, testing, labeling, distributing, and selling of the SharkNinja Pressure Cooker and/or pressure cooker and/or lids and in placing the product(s) into the stream of commerce;

pp)     failing to construct the pressure cooker and/or SharkNinja Pressure Cooker with sturdier lids;

qq)     failing to design the SharkNinja Pressure Cooker and/or pressure cooker and/or lids and all related hardware necessary for the proper operation of the product(s), in a condition consistent with relevant statutes, regulations, ordinances and Codes;

rr)     failing to use the required degree of due care to insure that the SharkNinja Pressure Cooker and/or pressure cooker and/or lid was safe;

ss)     failing to make the pressure cooker and/or SharkNinja Pressure Cooker and/or lid heavier so that it wouldn't move when in use;

tt)     failing to properly inspect the product(s);

uu)     failing to properly exercise their/its duty of supervision and control;

vv)     failing to properly instruct his/its agents, servants, workmen, employees, representatives, business associates and/or contractors;

ww)     failing to exercise reasonable care to eliminate the dangerous and defective condition of the said SharkNinja Pressure Cooker and all related hardware;

xx)     failing to provide heavier duty hardware for the SharkNinja Pressure Cooker and/or pressure cooker and/or lid;

yy)     selling the product(s) without proper instructions and warnings;

zz)     failing to warn that use of certain foods and/or liquids would cause the SharkNinja Pressure Cooker and/or pressure cooker and/or lid to dislodge;

aaa)     failing to provide proper instructions on how to fill the SharkNinja Pressure Cooker and/or pressure cooker with food;

bbb)     failing to make the lid of the pressure cooker attach to the body of the pressure cooker better;

ccc)     failing to discover the source of the problem and/or perform test(s) on the product;

ddd)     failing to perform its duties under the warranty;

eee)     failing to realize and/or warn people using the SharkNinja Pressure Cooker and/or pressure cooker and/or lid that it could easily slide and/or otherwise unintentionally move about and spill scalding food and/or water;

fff)     failing to heed warning signs that indicated a problem with the SharkNinja Pressure Cooker and/or pressure cooker and/or lid;

ggg)  failing to alert the staff and customers and the Plaintiff of the problems with the SharkNinja Pressure Cooker and/or pressure cooker and/or lid;

hhh)  failing to follow the proper procedures in order to maintain and/or inspect and/or recall and/or test the product;

iii)  selling a SharkNinja Pressure Cooker and/or lid susceptible to becoming too hot and/or unreasonably hot;

jjj)  failing to have a proper procedure for handling complaints made concerning problems with their products;

kkk)  failing to construct the pressure cooker out of better materials or more noticeable colors;

lll)  failing to properly diagnose the problem(s) with the product(s);

mmm)  failing to perform tests on the pressure cooker and/or SharkNinja Pressure Cooker and/or lid;

nnn)  failing to recall the product(s);

ooo)  manufacturing and designing said product(s) prone to failing;

ppp)  selling or otherwise providing the said SharkNinja Pressure Cooker in an unsafe, defective and/or otherwise dangerous condition;

qqq)  failing to test the SharkNinja Pressure Cooker and/or pressure cooker and/or lid with foods of different density;

rrr)  failing to test the SharkNinja Pressure Cooker's component parts together to make sure they were safe for use together;

sss)  failing make the pressure cooker and/or lid more resistant;

ttt)  allowing the manufacture, assembly, production, processing, inspection, sale, distribution, testing, supply and/or placing in the stream of commerce the SharkNinja Pressure Cooker and all related hardware even though they knew, or should have known in the exercise of ordinary care, that the same was inherently dangerous, deleterious or otherwise highly defective and that consumers and/or persons such as Plaintiff could be injured;

uuu)  failing to make the alignment symbols on the lid and cooker easily discernible to consumers such as Plaintiff;

vvv)   having the alignment symbols on the lid and cooker not easily discernible and/or blend into the background and/or easily overlooked by anyone attempting to attach the cooker lid to the cooker body;

www)   designing the product so it was capable of heating and pressurizing without the lid secured in place;

xxx)   designing a product where the lid can suddenly come loose and release the hot, pressurized contents;

yyy)   designing and/or selling and/or distributing a product where the cooker's lid alignment symbols blend into the lid and cooker body;

zzz)   the poorly designed alignment symbols leave the cooker prone to improper assembly;

aaaa)   allowing the cooker to heat and pressurize the cookers contents even when the lid is not secured to the pressure cooker body;

bbbb)   failing to have controls that ensure the pressure cooker does not heat and/or pressurize unless the lid is properly oriented and securely mounted on the cooker body; and

cccc)   falsely advertising that the lid cannot come off while in use.

42.    As a result of the aforementioned recklessness, negligence, and carelessness of the Defendant, Plaintiff, **Tamikka Jones,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Tamikka Jones,** claims damages of the Defendant **SharkNinja Operating LLC** for an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT I
## PLAINTIFF vs. SHARKNINJA OPERATING LLC
### (Negligence)

43.    Plaintiff incorporates herein by reference thereto the preceding Paragraphs inclusive, as fully as though the same were hereinafter set forth at length.

44.    At all times material and relevant hereto, the Defendant, **SharkNinja Operating LLC**, placed into the stream of commerce, various quantities of the aforesaid product(s) with the knowledge and intent that the same would be used by people and/or consumers and/or sold through various wholesale distributors and/or retail outlets and/or stores to members of the public.

14

45.      As a direct and proximate result of the aforesaid recklessness, carelessness, and negligence of the Defendant, Plaintiff, **Tamikka Jones,** suffered severe, painful and permanent injuries and damages and will continue to suffer the same into the future.

WHEREFORE, Plaintiff, **Tamikka Jones,** claims damages of the Defendant, **SharkNinja Operating LLC**, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00).

## STRICT LIABILITY OF PRODUCTS DEFENDANT

46.      Plaintiff incorporates herein by reference thereto the preceding Paragraphs inclusive, as fully as though the same were hereinafter set forth at length.

47.      At all times material and relevant hereto, Defendant **SharkNinja Operating LLC** was/were in the business of designing, producing, processing, manufacturing, selling, distributing, testing, inspecting, supplying and/or otherwise placing in the stream of commerce the aforementioned SharkNinja Pressure Cooker and/or product and/or pressure cooker and/or lids which Product(s) is/are the subject of this cause of action and which product(s) caused Plaintiff to sustain her injuries.

48.      At all times material and relevant hereto, Defendant **SharkNinja Operating LLC** knew, or in the exercise of reasonable care should and/or could have known, that the aforesaid product and/or SharkNinja Pressure Cooker and/or pressure cooker and/or lid would be sold to the public, and used by members of the public including but not limited to the Plaintiff  and  others similarly situated, and that the said product would be relied upon by such persons to be fit for use and/or consumption and to accomplish the purpose for which it was manufactured, produced, processed, sold, designed, supplied, installed, distributed and/or otherwise placed in the stream of commerce.

49.      At all times material and relevant hereto, Defendant **SharkNinja Operating LLC** knew or in the exercise of ordinary care should and/or could have known that their aforesaid product and/or SharkNinja Pressure Cooker and/or pressure cooker and/or lid was inherently defective, ultra-hazardous,

15

unreasonably dangerous, or otherwise highly harmful to ultimate users and/or Plaintiff and/or other persons

and/or consumers and/or others similarly situated or likely to come into contact with the said product.

50.     Defendant **SharkNinja Operating LLC** failed to adequately warn consumers about the

dangers, the risks of harm, and the defects of the SharkNinja Pressure Cooker and/or pressure cooker and/or

lids it/they marketed, sold, distributed, and shipped.

51.     Relying on the skill, expertise, experience and knowledge of the Defendant **SharkNinja**

**Operating LLC,** the Plaintiff, **Tamikka Jones**, purchased and/or used the product(s) and the Plaintiff was

otherwise caused to come into contact or be exposed to the product(s) on or about September 13th, 2020.

52.     The Defendant is strictly liable to the Plaintiff for the following reasons:

a)     Said Defendant as manufacturer and seller, and/or other business entity is engaged in the business, inter alia, of manufacturing, producing, processing, testing, inspecting, designing, selling, distributing, installing, supplying, maintaining and monitoring products, including those more particularly identified aforesaid;

b)     At the time of the manufacture, use, production, processing, sale, installation, design, distribution, supply, maintenance and monitoring of the said product(s) to or for the Plaintiff, Defendant **SharkNinja Operating LLC** knew or had reason to know that the said product(s) would be used by the Plaintiff and/or others similarly situated as ultimate users and/or consumers;

c)     The said product(s) was/were designed, manufactured, assembled, tested, inspected, installed, distributed, supplied and/or otherwise placed in the stream of commerce by Defendant **SharkNinja Operating LLC** in a defective and unreasonably dangerous condition to the Plaintiff and others similarly situated as users or consumers and said product was expected to and reached the Plaintiff without substantial change in the defective and/or dangerous condition in which it was manufactured, sold and later used;

d)     Said product(s) was/were defective, outdated and incapable of being made safe for its/their ordinary and intended use and purpose and/or was unreasonably dangerous and said Defendant failed to give adequate or sufficient warnings and instructions to Plaintiff and other persons similarly situated of the risk, dangers and harm inherent in the use of said product;

e)     The ordinary foreseeable use of the said product in the condition in which it was sold to Tamikka Jones was an intrinsically dangerous and/or ultra-hazardous activity;

f)    The materials used in the manufacturer of the product(s) was/were not strong enough and the operating instructions were not adequate thereby making the product unreasonably dangerous;

g)    At the time of the permitted use of said Defendant' product(s) by Plaintiff, the Defendant **SharkNinja Operating LLC** knew or should have known that the said product(s) would be used by the Plaintiff and others similarly situated with the express consent, permission and encouragement of the Defendant;

h)    The said product(s) was/were designed, manufactured, assembled, leased, distributed, tested, inspected, supplied and/or placed in the stream of commerce in a defective and unreasonably dangerous condition and was used, possessed and maintained by Defendant in such a condition that Plaintiff and others similarly situated as users and/or consumers and/or individuals would otherwise be caused to come into contact with said product(s);

i)    Said product(s) was/were defective and incapable of being made safe for its/their ordinary and intended use and purpose and/or was unreasonably dangerous and said Defendant failed to give adequate or sufficient warning and instructions to Plaintiff and other persons similarly situated of the risk, dangers and harm inherent in the use of said product(s);

j)    The ordinary foreseeable use of the said SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product(s) in the condition in which Defendant allowed, permitted and encouraged was an intrinsically dangerous and/or ultra-hazardous activity;

k)    Said SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product(s) was/were not provided with proper and adequate warnings in its use;

l)    Said SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product was/were not fit for its intended use and/or purposes;

m)    Said SharkNinja Pressure Cooker and/or pressure cooker and/or product was unreasonably dangerous for its intended and foreseeable use;

n)    Said SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product was susceptible to coming apart, skidding and/or sliding and/or otherwise moving;

o)    The defective condition of said SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product proximately caused the incident and injuries sustained by Plaintiff;

p)    At the time of the incident, the SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product was used as it's manufacturers' and/or Defendant had intended and without substantial change in the condition in which it was sold;

q)    Said SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product was not heavy enough;

r)   Said SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product was dangerous to an extent beyond that which would be contemplated by the ordinary consumer;

s)   Said SharkNinja Pressure Cooker and/or pressure cooker and/or product was susceptible of collapsing and causing injuries when used in the manner intended;

t)   Said SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product had defective materials;

u)   The use of the product(s) was foreseeable by the Defendant;

v)   Failure to warn the Plaintiff;

w)   The danger of the subject product is unknowable and/or unacceptable to the average or ordinary consumer;

x)   The subject product is dangerous beyond the reasonable consumers' contemplation; and

y)   Said product did not have controls from keeping the cooker from heating and pressurizing when the lid was not adequately secured.

53.   Defendant **SharkNinja Operating LLC** is strictly liable to Plaintiff, pursuant to Section 402A of the Restatement of Torts 2nd, which is incorporated herein by reference as if fully set forth at length, in that each SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product(s) was/were defective and/or unreasonably dangerous when sold and created the unreasonable and foreseeable risk of injury or harm to the foreseeable users thereof and was negligently and carelessly designed and manufactured.

54.   Defendant **SharkNinja Operating LLC** is strictly liable to Plaintiff pursuant to Section 402A of the Restatement of Torts 2nd and also under other laws in that the said product(s) was/were defective when designed and/or manufactured and/or sold and/or maintained and/or controlled and/or inspected and/or tested and/or possessed by the Defendant and created an unreasonable risk of injury or harm to the foreseeable users thereof and was negligently and carelessly possessed, controlled, and maintained by Defendant in providing said defective product(s) and allowing Plaintiff to come into contact with same.

55.     At all relevant times, **SharkNinja Operating LLC** was engaged in and responsible for the business of designing, manufacturing, marketing, testing, labeling, selling, distributing and placing the SharkNinja Pressure Cooker and/or pressure cooker and/or lids into the stream of commerce, including the product(s) purchased by and/or otherwise caused to come into the possession of **Tamikka Jones** which product is the subject of this action.

56.     When they left the custody and control of  **SharkNinja Operating LLC**, the design and formulation of the SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product was/were both defective and unreasonably dangerous.

57.     The SharkNinja Pressure Cooker and/or pressure cooker and/or lid and its/their component parts reached Plaintiff in the condition expected and intended by **SharkNinja Operating LLC.**

58.     Plaintiff used the SharkNinja Pressure Cooker and the component parts for their intended and foreseeable purpose, and in the manner anticipated by **SharkNinja Operating LLC.**

59.     There were safer alternative designs and formulations for the SharkNinja Pressure Cooker and/or pressure cooker and/or lid and component parts other than the one used. These safer and alternative designs were economically and technologically feasible and would have prevented or significantly reduced the risk of injuries.

60.     The defective design of the SharkNinja Pressure Cooker and/or pressure cooker and/or lid directly and proximately caused Plaintiff's injuries.

61.     The defective manufacture and/or sale and/or distribution of the SharkNinja Pressure Cooker and/or pressure cooker and/or lids by Defendant, **SharkNinja Operating LLC** directly and proximately caused Plaintiff's injuries.

62.     When they left the custody and control of Defendant, **SharkNinja Operating LLC,** the SharkNinja Pressure Cooker and/or pressure cooker and/or lids were unreasonably dangerous because they contained warnings insufficient to alert consumers and users, such as Plaintiff of the dangers and risks associated with the use of the SharkNinja Pressure Cooker and/or product.

63.     Defendant **SharkNinja Operating LLC** failed to provide adequate warning of such risks, which were known or by the application of reasonably developed human skill and foresight should have been known, and it is further believed and therefore averred that **SharkNinja Operating LLC** further failed to give adequate instructions to avoid such dangers.

64.     Defendant **SharkNinja Operating LLC's** failure to provide adequate warnings and instruction rendered its SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product dangerous to an extent beyond that which would be contemplated by an ordinary user with ordinary knowledge common to the community at large as to the products characteristics.

65.     The failure of Defendant **SharkNinja Operating LLC** to provide adequate warnings and instructions rendered the product unreasonably dangerous as marketed.

66.     The defective marketing of the SharkNinja Pressure Cooker and/or pressure cooker and/or lids directly and proximately caused Plaintiff's injuries.

 **WHEREFORE**, Plaintiff, **Tamikka Jones,** claims damages of the Defendant, **SharkNinja Operating LLC** individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT II
## PLAINTIFF vs. SHARKNINJA OPERATING LLC
### (Strict Liability)

67.     Plaintiff incorporates herein by reference thereto the preceding Paragraphs inclusive, as fully as though the same were hereinafter set forth at length.

68.     As a direct and proximate result of the aforesaid carelessness and negligence of Defendant, Plaintiff, **Tamikka Jones,** suffered severe, painful and permanent injuries and damages and will continue to suffer the same into the future.

 **WHEREFORE**, Plaintiff, **Tamikka Jones,** claims damages of the Defendant, **SharkNinja Operating LLC**, individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00).

20
## BREACH OF WARRANTIES

69.     Plaintiff hereby incorporates by reference each and every allegation contained in preceding paragraphs as fully as though set forth herein at length.

70.     At all times herein material, Defendant failed to notice and/or properly repair the problem which was causing the SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product and/or component parts to fail, while people were using it.

71.     At all times herein material, the SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product and/or component parts was/were not working properly, which were not properly addressed by Defendant despite repeated complaints that there existed such a problem with the SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product and/or component parts.

72.     Failure to perform its/their duties under the preventive maintenance and/or repair and/or service and/or warranty contract resulted in the incident and it is further averred that Defendant failed to correct the problem that existed with the SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product and/or component parts.

73.     The Defendant impliedly and expressly warranted that their aforesaid product was merchantable, usable, safe, reasonably fit for use and consumption and safe for its intended purpose and as such would not cause harm to Plaintiff and others similarly situated.

74.     In addition to the foregoing, said Defendant knew or had reason to know that the Plaintiff or others similarly situated would be handling or otherwise using the said product for its reasonable and foreseeable use and purpose and that Plaintiff and others similarly situated and/or others who came into contact with the said product would rely on the skill and judgment of said Defendant to select and furnish products suitable and fit for such a particular purpose and said Defendant therefore impliedly and/or expressly warranted that the said product was fit for such uses and purposes before, during and after its sale to, consumption, use and/or purchase by the Plaintiff.

21

75.     It is believed that the SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product and/or component parts was defective and/or negligently manufactured.

76.     The SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product and/or component parts was/were designed with weak components, and further in a fashion which rendered it/them susceptible to coming off and/or spilling and/or dislodging and/or otherwise failing.

77.     Defendant did design and manufacture the SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product and/or component parts and Defendant made express and implied warranties that the SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product and/or component parts were/was safe and/or made of quality materials and/or fit for its intended purposes and/or of commercial grade and/or appropriate for use as herein described.

78.     The Defendant breached the aforesaid expressed and/or implied warranties to the Plaintiff and/or others in that their product was unmerchantable, inherently defective, outdated, ultra-hazardous, dangerous, unfit for use, not safe for its intended purpose and/or unfit for the aforesaid particular purpose of which said Defendant knew or had reason to know.

79.     Defendant had an implied and/or expressed contractual obligation to Plaintiff to assure that Plaintiff's health would not be adversely affected by her use of and/or contact with said product and at all times herein material Plaintiff was an intended beneficiary of any applicable contract concerning the sale of the product in question.

80.     Defendant had an obligation to Plaintiff to assure that Plaintiff's health would not be adversely affected by his use of and/or contact with said product and at all times herein material Plaintiff was an intended beneficiary of any applicable contract concerning the sale of the product in question.

81.     **SharkNinja Operating LLC** breached their warranty/warranties in that the SharkNinja Pressure Cooker and/or pressure cooker and/or lid and/or product and/or component parts were not fit and proper for their intended use.

82.     **SharkNinja Operating LLC's** breach of warranty/warranties directly and proximately caused Plaintiff's injuries.

83.     Plaintiff, **Tamikka Jones**, is a third-party beneficiary to the sale of the product.

84.     It is averred that Defendant **SharkNinja Operating LLC** should reasonably have expected users such as Plaintiff to have been affected by, come into contact with, and/or be an end user of the product(s).

85.     **SharkNinja Operating LLC** built and/or manufactured the said product and did warrant that it was proper and safe for its intended use and Defendant advertised that the product could not heat and/or pressurize unless the lid was securely attached.

86.     Plaintiff, as a beneficiary, does not have a copy of the contract(s) at issue, and thus cannot attach it to this complaint.

87.     As a direct and proximate result of the Defendant's breach of implied and/or expressed warranties, the Plaintiff suffered those injuries and damages more particularly described aforesaid and will continue to suffer the same into the future.

 **WHEREFORE**, Plaintiff, **Tamikka Jones,** claims damages of the Defendant, **SharkNinja Operating LLC**, for an amount in excess of Fifty Thousand Dollars ($50,000.00).


### COUNT III
### PLAINTIFF vs. SHARKNINJA OPERATING LLC
### (Breach of Express Warranty)

88.     Plaintiff hereby incorporates by reference each and every allegation contained in preceding paragraphs as fully as though set forth herein at length.

89.     As a result of the aforementioned breach of express warranty, negligence and carelessness of the Defendant, Plaintiff, **Tamikka Jones,** sustained serious, painful and permanent orthopedic and neurological injuries.

23

**WHEREFORE**, Plaintiff claims damages of the Defendant, **SharkNinja Operating LLC**, individually, jointly and/or severally for an amount in excess of Fifty Thousand Dollars ($50,000.00).

**COUNT IV**
**PLAINTIFF vs. SHARKNINJA OPERATING LLC.**
**(Breach of Implied Warranties)**

90.     Plaintiff hereby incorporates by reference each and every allegation contained in preceding paragraphs as fully as though set forth herein at length.

91.     As a result of the aforementioned breach of implied warranty, negligence and carelessness of the Defendant, Plaintiff, **Tamikka Jones,** sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Tamikka Jones,** claims damages of the Defendant, **SharkNinja Operating LLC,** individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50,000.00).



**LONGOBARDI & BOYLE, LLC**

/s/  Joseph J. Longobardi, III
JOSEPH J. LONGOBARDI III #2231
M. JEAN BOYLE #4223
1700 Augustine Cut Off
Wilmington, DE  19803
(302) 575-1502
Attorneys for Plaintiff


Dated: August 31, 2022.